Jonathan D. Selbin (SBN 170222)
jselbin@lchb.com
H. John Gutierrez (SBN 235406)
hjgutierrez@lchb.com
LIEFF, CABRASER, HEIMANN &
BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3336
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Attorneys for Plaintiffs

(Additional Counsel Appearing on Signature Page)

ORIGINAL FILED

07 APR 16 PM 1:51

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRENE HOEY, LANCE JONES, STEVE GUYSHAN and CHARLES BRANNON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONY ELECTRONICS, INC.<br><br>Defendant. | Case No. **C07 02106**<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>(1) CONSUMER LEGAL REMEDIES ACT;<br><br>(2) FRAUDULENT CONCEALMENT/ NONDISCLOSURE;<br><br>(3) BUSINESS & PROFESSIONS CODE SECTIONS 17200 & 17500; and<br><br>(4) UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

1.  Plaintiffs, Irene Hoey, Lance Jones, Steve Guyshan and Charles Brannon (hereinafter "Plaintiffs"), allege the following on behalf of themselves and all others similarly situated:

### INTRODUCTION

2.  Plaintiffs bring this action for actual damages, equitable relief (including restitution, injunctive relief, and disgorgement of profits), civil penalties, punitive damages, and all other available relief on behalf of themselves and all similarly-situated individuals and entities

in the United States (the "Class") who purchased new a Sony Electronics, Inc. ("Sony") Vaio notebook computer model series GRV and GRZ ("Affected Computers").

3. All of the claims asserted herein arise out of Sony's misconduct in connection with the design, manufacture, warranting, advertising and selling of the Affected Computers.

4. All of the claims asserted herein relate only to the Affected Computers' hardware.

5. On information and belief, Sony began designing, manufacturing, warranting, marketing, advertising and selling the Affected Computers to thousands of consumers throughout the United States, commencing in or around 2002 for the GRV series and 2003 for the GRZ series.

6. Sony made uniform material affirmative misrepresentations and uniformly concealed material information in its marketing, advertising and sale of the Affected Computers, which Sony knew to be defective, both at the time of sale and on an ongoing basis.

7. In particular, Sony represented and warranted to Plaintiffs and all Class members that the Affected Computers were free from defects and that they were of merchantable quality and workmanship, as evidenced by Sony's express warranty. Plaintiffs' experiences—mirroring those of other purchasers of Affected Computers—reveal that Sony's claims are false in that the Affected Computers are inherently defective and not of merchantable quality and workmanship. Moreover, as described below, Sony's express warranty fails in its essential purpose.

8. The Affected Computers are designed and manufactured with the following uniform and inherent design defects (collectively, the "Defects"): (1) the solder joints of the SODIMM sockets are prone to premature failure as a result of cyclic creep-fatigue of the solder and (2) inadequate compliancy of the SODIMM socket leads and (3) inadequate cooling structures causing severe thermal cyclic loading on the solder joints. As a result, the Affected Computers are rendered inoperable and unusable during their useful life.

9. Sony concealed from and/or failed to disclose to Plaintiffs, the Class, and consumers, the true defective nature of the Affected Computers, and failed to remove the Affected Computers from the marketplace or take adequate remedial action. Rather, Sony sold and serviced the Affected Computers even though it knew, or was reckless in not knowing, that the Affected Computers were defectively designed, would prematurely fail and would ultimately result in Plaintiffs' and Class members' inability to use their Affected Computers for their intended purpose.

10. Sony profits by charging out-of-warranty consumers for the parts and labor needed to correct the Defects. As the Affected Computers continue to fail, Sony frequently recommends and charges for additional repairs. Sony has replaced motherboards of Affected Computers when some consumers send in their computer for repair, but nevertheless the new motherboards have the same inherent defect.

11. As a consequence of Sony's false and misleading statements and active concealment of the Defects, Plaintiffs and the Class purchased and currently own defective computers and have incurred damages.

## THE PARTIES

12. Plaintiff Irene Hoey is a resident of the County of San Benito, California. On or about March 16, 2003, Ms. Hoey purchased a new Sony Vaio GRZ660 computer. Ms. Hoey has experienced failures of her Vaio GRZ660 computer due to the Defects alleged herein.

13. Plaintiff Lance Jones is a resident of Phoenix Arizona. On or about March 2003, Mr. Jones purchased a new Sony Vaio PCG-GRZ630 computer from Best Buy in Scottsdale Arizona. Mr. Jones has experienced failure of his Vaio PCG-GRZ630 computer due to the Defects alleged herein. He paid approximately $350 for repairs to the motherboard.

14. Plaintiff Steve Guyshan is a resident of Longmeadow, Massachusetts. On or about April 14, 2003, Mr. Guyshan purchased a new Sony Vaio GRV550 computer from Circuit City. Mr. Guyshan has experienced failures of his Vaio GRV550 computer due to the Defects alleged herein. He sent his computer into Sony for repairs at least three times.

15. Plaintiff Charles Brannon is a resident of Greensboro, North Carolina. Mr. Brannon purchased a new Sony Vaio GRV670 computer on June 4, 2003. Mr. Brannon has experienced failures of his Vaio GRV670 computer due to the Defects alleged herein.

16. Defendant Sony Electronics, Inc., is incorporated in the State of Delaware and maintains its principal place of business in San Diego, California. Sony designs, manufactures, warrants, advertises, and sells personal computers and related services and devices, including the Affected Computers at issue herein, in California and throughout the United States.

## JURISDICTION

17. This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant Sony; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

18. This court has personal jurisdiction over Sony because Sony has purposefully availed itself of the privilege of conducting business activities within the State of California by manufacturing, warranting, advertising and selling computers to Plaintiffs and the Class members and, further, generally maintained systematic and continuous business contacts with the State of California.

## VENUE

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District when Sony sold, marketed, distributed and/or warranted one or more of the computers at issue here.

## INTRADISTRICT ASSIGNMENT

20. Assignment of this case to the San Jose Division is proper under Local Rule 3-2 (c) because a substantial part of the events or omissions which give rise to the claims occurred in San Benito County.

## APPLICATION OF CALIFORNIA LAW

21. California law may properly be applied to Plaintiffs and all Class members.

22. No enforceable choice-of-law agreement governs here or compels the application of different states' laws.

23. California has significant contacts and/or a significant aggregation of contacts to the claims asserted by Plaintiffs and all Class members. Sony's headquarters and principal place of business, from which all of its relevant conduct as to Plaintiffs and the Class emanated, is located in San Diego, California, the locus of Sony's U.S. operations since 2001. California has a greater interest in having its laws apply to the claims asserted in this case than any other State.

## FACTUAL ALLEGATIONS

24. On information and belief, Sony has been engaged in the business of designing, manufacturing, warranting, marketing, advertising and selling electronic computers and related products and services since the 1990's.

25. Sony is one of the world's leading manufacturers of computers and other computer products. Sony designed, manufactured, warranted, marketed, advertised and sold a product line of portable notebook computers known as the Vaio line, certain models of which are the subject of this lawsuit.

26. The Affected Computers fail to perform as advertised in that the solder joints of the SODIMM sockets are prone to premature failure as a result of the Defects. As a result, these units randomly and unexpectedly shut down, they fail to power up properly, they are unable to properly access all available memory and, over time, the connections between the memory sockets and the motherboard, and between the power socket and the motherboard, fail, eventually leaving the computers unusable.

27. Sony failed to adequately design, manufacture, and/or test the Affected Computers to ensure that they were free from the Defects, and/or knew or was reckless in not knowing of the Defects, before it warranted, advertised, marketed and sold the Affected Computers to Plaintiffs and the Class.

28. Sony falsely represented, through its warranty, marketing and advertising (a) that the Affected Computers had characteristics that they did not actually have, (b) that the Affected Computers were of a certain quality or standard when they were not and (c) that the Affected Computers were of merchantable quality when they were not.

29. Because of the Defects, the Affected Computers have failed and/or are substantially certain to prematurely fail, and/or are not of merchantable quality, contrary to the manner in which they were warranted, marketed and advertised by Sony.

30. As a result of the Defects alleged herein, Plaintiffs have experienced repeated problems with and failures of their computers and incurred damages.

31. At Sony's recommendation, class members incur out of pocket expense to repair or replace components or the Affected Computers as a whole when the symptoms of the Defects manifest outside the Sony warranty.

32. To this day, Sony continues to conceal material information from Plaintiffs, the Class and the public about the Defects in the Affected Computers.

## STATUTES OF LIMITATION

33. **Discovery Rule** The causes of action alleged herein accrued upon discovery of the defective nature of the Affected Computers. Because the Defects are latent, and Sony took steps to actively conceal it, among other reasons, Plaintiffs and members of the Class did not discover and could not have discovered the Defects through reasonable and diligent investigation. Moreover, reasonable and diligent investigation into the cause of the failed computers did not and could not reveal a factual basis for a cause of action based on Sony's failure to disclose/concealment of the Defects.

34. **Fraudulent Concealment Tolling** Any applicable statutes of limitation have been tolled by Sony's knowing and active concealment and denial of the facts as alleged herein, which concealment is ongoing. Plaintiffs and the Class have been kept ignorant by Sony of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiff and members of the Class could not reasonably have discovered the true, latently defective nature of the Affected Computers.

35. **Estoppel** Sony was and is under a continuous duty to disclose to the Plaintiffs and the Class the true character, quality, and nature of the Affected Computers. Sony knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Affected Computers, which concealment is ongoing. Plaintiffs reasonably relied upon Sony's knowing, affirmative, and/or active concealment. Based on the foregoing, Sony is estopped from relying on any statues of limitation in defense of this action.

## CLASS ACTION ALLEGATIONS

36. Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of a proposed plaintiff Class pursuant to Federal Rule of Civil Procedure 23. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions.

37. The Class is defined as:

> All individuals and entities in the United States who purchased new a Sony Vaio notebook computer in model series GRV or GRZ.

38. Excluded from the Class are: (1) Sony, any entity in which Sony has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's immediate family; and (3) claims for personal injury, wrongful death and/or emotional distress.

### Numerosity & Ascertainability

39. On information and belief, the Class is comprised of thousands of owners of Affected Computers throughout the United States, making joinder impractical.

40. The Class is composed of an easily ascertainable, self-identifying set of individuals and entities who purchased new and still own an Affected Computer. Discovery will reveal which, if any, other Sony notebook computers share the same defective design as the GRV and GRZ models, and the Class can be defined to include such models by name at that time.

### Community of Interest

41.   There is a well-defined community of interest among the Class members, and the disposition of their claims in a single action will provide substantial benefits to all parties and to the Court.

### Typicality

42.   The claims of the representative Plaintiffs are typical of the claims of the Class, in that each of the representative Plaintiffs, like all members of the Class, own an Affected Computer that contains the inherent Defects. The factual bases of Sony's misconduct are common to all Class members and represent a common thread of fraudulent misconduct resulting in injury to all members of the Class.

### Predominance of Common Issues

43.   There are numerous questions of law and fact common to all Class members, and those questions predominate over any questions that may affect only individual Class members.

44.   The predominant common questions include the following:

   a.   Whether the Affected Computers contain common design defects;

   b.   Whether the Affected Computers are substantially certain to prematurely fail;

   c.   Whether the Affected Computers are not of merchantable quality;

   d.   Whether the Defects in the Affected Computers are a material fact reasonable purchasers would have considered in deciding whether to purchase a computer;

   e.   Whether Sony knew and/or was reckless in not knowing of the Defects in the Affected Computers;

   f.   Whether Sony fraudulently concealed from and/or failed to disclose to Plaintiffs and the Class the Defects in the Affected Computers;

   g.   Whether Sony had a duty to Plaintiffs and the Class to disclose the Defects in the Affected Computers;

   h. Whether Sony's concealment of and/or failure to disclose the Defects induced Plaintiffs and the Class to act to their detriment by purchasing defective Affected Computers;

   i. Whether Sony represented, through its words and conduct, that the Affected Computers had characteristics, uses or benefits that they did not actually have, in violation of the Consumer Legal Remedies Act ("CLRA");

   j. Whether Sony represented, through its words and conduct, that the Affected computers were of a particular standard, quality or grade when they were of another, in violation of the CLRA;

   k. Whether Sony advertised the Affected Computers with the intent not to sell them as advertised, in violation of the CLRA;

   l. Whether Sony's active concealment of and/or failure to disclose the true nature of the Affected Computers was likely to mislead or deceive, and therefore fraudulent, within the meaning of Bus. & Prof. Code § 17200, *et seq.*;

   m. Whether Sony's active concealment of and/or failure to disclose the true nature of the Affected Computers is unfair within the meaning of Bus. & Prof. Code § 17200, *et seq.*;

   n. Whether Sony's warranties, marketing, advertisements and other express representations that the Affected Computers had certain characteristics and/or were of a certain quality or standard violated Bus. & Prof. Code § 17500, *et seq.*;

   o. Whether Sony should be declared financially responsible for notifying all Class members of the defective Affected Computers and for the costs and expenses of repair and replacement of all such defective components therein;

   p. Whether Plaintiffs and the Class are entitled to compensatory damages, and the amount of such damages;

   q. Whether, as a result of Sony's fraud, Plaintiffs and the Class are entitled to civil penalties and/or punitive damages, and the amount of such damages;

1           r.      Whether Sony should be enjoined from engaging in the methods, acts or practices alleged herein; and

            s.      Whether Sony should be ordered to disgorge, for the benefit of the Class, all or part of its ill-gotten profits received from the sale of the defective Affected Computers and replacement components and/or make restitution to Plaintiffs and members of the Class.

## ADEQUACY

45.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions, including actions involving defective products.

46.     Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiffs nor their Counsel have interests adverse to those of the Class.

## SUPERIORITY

47.     Absent class treatment, Plaintiffs and members of the Class will continue to suffer harm and damages as a result of Sony's unlawful and wrongful conduct.

48.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Without a class action, individual Class members would face burdensome litigation expenses, deterring them from bringing suit or adequately protecting their rights. Because of the relatively modest economic value of the individual Class members' claims, few could likely seek their rightful legal recourse. Absent a class action, Class members would continue to incur harm without remedy, while Sony would continue to reap the benefits of its misconduct.

49.     The consideration of common questions of fact and law will conserve judicial resources and promote a fair and consistent resolution of these claims.

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### Violation of the California Consumer Legal Remedies Act, Civ. Code Section 1750, et seq.
### (On Behalf of Consumers Only)

50. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

51. Defendant Sony is a "person" as defined by Civil Code section 1761(c).

52. Plaintiffs and many Class members are "consumers" within the meaning of Civil Code section 1761(d).

53. The Affected Computers are "goods" within the meaning of Civil Code Section 1761(a).

54. Sony violated the CLRA by uniformly affirmatively misrepresenting to Plaintiffs and Class members that the Affected Computers were free from defects and of merchantable quality and workmanship. Specifically, Sony's uniform misrepresentation of these material facts violated (a) § 1770(a)(5)'s proscription against representing that goods have uses or characteristics they do not actually have; (b) § 1770(a)(7)'s proscription against representing that goods are of a particular standard or quality when they are of another; and (c) § 1770(a)(9)'s proscription against advertising goods with the intent not to sell them as advertised.

55. Sony also violated the CLRA's proscription against concealment of the characteristics, use, benefit, or quality of goods by actively concealing in all of its broadly disseminated warranties, marketing and advertising the material fact that the Affected Computers are defective and substantially certain to fail prematurely. Specifically, Sony's active concealment of material facts violated (a) § 1770(a)(5)'s proscription against representing that goods have uses or characteristics they do not actually have; (b) § 1770(a)(7)'s proscription against representing that goods are of a particular standard or quality when they are of another; and (c) § 1770(a)(9)'s proscription against advertising goods with the intent not to sell them as advertised.

56. Sony intended to perform the acts that were deceptive and/or fraudulent, namely, to market, advertise and sell the Affected Computers.

57. The facts Sony misrepresented and/or concealed are material, in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) the Affected Computers.

58. Sony's affirmative misrepresentations and concealment of material facts were designed to induce Plaintiff and the members of the Class to purchase the Affected Computers.

59. Plaintiffs and the Class suffered actual damages as a direct and proximate result of Sony's actions, concealment and/or omissions in violation of the CLRA, as evidenced by their decisions to purchase Affected Computers that were defective. Had they known of the true character and quality of the Affected Computers, Plaintiffs and Class members would not have purchased (or would have paid less for) the Affected Computers.

60. To this day, Sony continues to violate the CLRA by concealing the defective nature of its notebook computers in continuing to sell (and profiting unjustly from) replacement motherboards, and other parts for the Affected Computers, continuing to service (and profiting unjustly from) the Affected Computers in relation to failures due to the Defects, and by failing or refusing to reveal to Class members that the cause of the problems with the Affected Computers is an inherent defect.

61. Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Sony under the CLRA for injunctive relief in the form of restitution and/or proportional disgorgement of funds paid to Sony to purchase Affected Computers or repair and/or replace parts of the Affected Computers, an injunction requiring Sony to adequately repair the Defects or replace the Affected Computers free of charge, and an award of attorneys' fees pursuant to Civil Code Section 1780(d). Plaintiffs seek this injunctive relief for Sony's violations of CLRA §§ 1770(a)(5), (7) and (9).

62. In accordance with Section 1782(a) of the CLRA, Civ. Code § 1782(a), on June 19, 2006, Plaintiffs' counsel, on behalf of Plaintiff Hoey and all others similarly situated

(including Plaintiffs Jones, Guyshan and Brannon), served Sony, by certified mail, return receipt requested, with notice of its alleged violations of CLRA §§ 1770(a)(5), (7) and (9) relating to Affected Computers. A true and correct copy of this notice is attached hereto as Exhibit A.

63. Sony responded to the CLRA notice in a letter from Sony's counsel dated July 14, 2006, a copy of which is attached hereto as Exhibit B. Sony's response requests that plaintiff Hoey deliver her computer to Sony to correct, repair, or replace the defect of the computer. However, Sony's response does not offer to provide this relief to the entire class.

64. Sony thus failed to provide appropriate relief for its violations of CLRA §§ 1770(a)(5), (7) and (9) within 30 days of receipt of Plaintiffs' June 19, 2006 notification, received by Sony on or about June 21, 2006. Therefore, in accordance with Civ. Code § 1782(b), Plaintiff is entitled, under CLRA § 1780, to recover or obtain any of the following relief for Sony's violations of CLRA §§ 1770(a)(5), (7) and (9) :

- actual damages under Civ. Code Section 1780(a)(1);
- punitive damages under Civ. Code Section 1780(a)(4);
- attorneys' fees and costs under Civ. Code Section 1780(d); and
- any other relief the Court deems proper under Civ. Code Section 1780(a)(5).

## SECOND CLAIM FOR RELIEF
### Violation of California Bus. & Prof. Code Sections 17200 & 17500 (the "Unfair Business Practices Act")

65. Plaintiffs incorporate by reference the allegations contained in preceding paragraphs of this Complaint.

66. Business & Professions Code § 17200 prohibits acts of "unfair competition." As used in this section, "unfair competition" encompasses three distinct types of misconduct: (a) "unlawful...business acts or practices;" (b) "unfair or fraudulent business acts or practices;" and (c) "unfair, deceptive or misleading advertising."

67. Sony violated the Unfair Business Practices Act, Business and Professions Code §§ 17200 and 17500, *et seq.*, by engaging in conduct that violated each of the three prongs identified by the statute and outlined in Paragraph 66 above.

68. Sony committed an *unlawful* business act or practice in violation of the Unfair Business Practices Act, Business and Professions code § 17200, *et seq.*, when it *violated the CLRA* as alleged in Paragraphs 50-64 above.

69. Sony committed an *unlawful* business act or practice in violation of the Unfair Business Practices Act, Business and Professions code § 17200, *et seq.*, when it violated the common law prohibition against fraudulent concealment/nondisclosure as alleged in Paragraphs 78-90 below.

70. Sony committed *unfair and fraudulent* business acts and practices in violation of the Unfair Business Practices Act, Business and Professions Code §§ 17200 and 17500, *et seq.*, when it affirmatively misrepresented the true nature of the Affected Computers, and/or concealed and/or failed to disclose the true defective nature of the Affected Computers in its marketing, advertising and other broadly disseminated representations in a manner likely to deceive the public.

71. Sony disseminated *unfair, deceptive, untrue and/or misleading advertising* in violation of the Unfair Business Practices Act, Business & Professions Code §§ 17200 and 17500, *et seq.*, when it affirmatively misrepresented the true nature of the Affected Computers, and/or concealed and/or failed to disclose the true defective nature of the Affected Computers in its marketing, advertising and other broadly disseminated representations in a manner likely to deceive the public.

72. Sony's deceptive practices were specifically designed to induce Plaintiffs and members of the Class to purchase Affected Computers.

73. Sony's deceptive practices have deceived and/or are likely to deceive Plaintiffs and members of the consuming public.

74. To this day, Sony continues to violate the Unfair Business Practices Act by continuing to actively conceal the defective nature of the Affected Computers and by charging consumers for replacement motherboards.

75. As a direct and proximate cause of Sony's violation of the Unfair Business Practices Act, Plaintiffs and the Class have suffered harm in that they own Affected Computers

that have prematurely failed, will prematurely fail, or are substantially certain to prematurely fail and have required or will require Plaintiffs and the Class to incur costs to repair and replace the defective components or defective Affected Computers as a whole.

76. As a direct and proximate result of Sony's violation of the Business and Professions Code § 17200, *et seq.*, Sony has been unjustly enriched and should be required to make restitution to Plaintiffs and the Class or disgorge its ill-gotten profits pursuant to Sections 17203 of the Business & Professions Code.

77. Plaintiffs, on behalf of themselves and for all others similarly situated, demand judgment against Sony for injunctive relief in the form of restitution, and/or disgorgement of funds paid to Sony to purchase the Affected Computers or to repair and replace defective components, or injunctive relief in the form of repairing and replacing defective components on Plaintiffs' and Class members' Affected Computers, as well as attorneys' fees, costs and interest.

### THIRD CLAIM FOR RELIEF
### Fraudulent Concealment/Nondisclosure

78. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

79. Sony knew that the Affected Computers are defective in that they are substantially certain to fail well in advance of their anticipated useful life.

80. Sony fraudulently concealed from and/or intentionally failed to disclose to Plaintiffs, the Class, and all others in the chain of distribution (*e.g.*, concealments and omissions in Sony's communications with wholesalers, retailers, and others in the chain of distribution that were ultimately passed on to Plaintiffs and the Class) the true nature of the Affected Computers.

81. Sony was and is under a duty to Plaintiffs and the Class to disclose these facts because:

    (a) Sony is in a superior position to know the facts about the hidden Defects in the Affected Computers and that the Defects were latent;

(b)     Sony made partial disclosures about the quality of the Affected Computers while not revealing their true defective nature; and

(c)     Sony fraudulently and actively concealed the defective nature of the Affected Computers from Plaintiffs and the Class.

82.    The facts concealed and/or not disclosed by Sony to Plaintiffs and the Class are material facts in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) a computer.

83.    Sony intentionally concealed and/or failed to disclose the problems with the Affected Computers for the purpose of inducing Plaintiffs and the Class to act thereon.

84.    Plaintiffs and the Class justifiably acted or relied upon to their detriment the concealed and/or non-disclosed facts as evidenced by their purchase of the Affected Computers and/or replacement parts for the Affected Computers.

85.    Had Plaintiffs and the Class known of the Defects they would not have purchased (or would have paid less for) their Affected Computers.

86.    As a direct and proximate cause of Sony's misconduct, Plaintiffs and Class members have suffered actual damages in that they bought and own Affected Computers that contain inherent Defects and that have prematurely failed or are substantially certain to prematurely fail, and will be required to incur costs to repair and/or replace the defective components or the computers as a whole.

87.    Sony's conduct has been and is wanton and/or reckless and/or shows a reckless indifference to the interests of others.

88.    Sony has acted with "malice" as that term is defined in Civ. Code § 3294(c)(1) by engaging in conduct that was and is intended by Sony to cause injury to the Plaintiffs and the Class.

89.    Sony has committed "fraud" as that term is defined in Civ. Code § 3294(c)(3) through its concealment of material facts known to Sony with the intent to cause injury to the Plaintiffs and the Class.

90. Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Sony for actual and punitive damages in accordance with Civ. Code § 3294(a) for themselves and each member of the Class, plus attorneys' fees for the establishment of a common fund, interest, and costs.

### FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

91. Plaintiffs incorporate by reference the allegations contained in preceding paragraphs of this Complaint.

92. By its wrongful acts and omissions described herein, including selling the Affected Computers and selling replacement motherboards, Sony was unjustly enriched at the expense of Plaintiff and the Class.

93. It would be inequitable for Sony to retain the profits, benefits, and other compensation obtained by it from its wrongful conduct in manufacturing, marketing and selling Affected Computers, both as original equipment and as replacement parts.

94. Plaintiffs on behalf of themselves and all others similarly situated, demand restitution from Sony, and an order of this Court disgorging all profits, benefits, and other compensation obtained by Sony from its wrongful conduct and awarding attorneys' fees, costs and interests.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Sony as follows:

1. An order certifying the proposed Class and any appropriate subclasses and designating Plaintiffs as Class Representatives and their counsel as Class Counsel;

2. Monetary damages, including but not limited to any compensatory, incidental or consequential damages commensurate with proof at trial for the acts complained of herein;

3. Punitive damages and civil penalties in accordance with proof and in an amount consistent with applicable precedent;

4. A declaration that Sony is financially responsible for notifying all Class members of the Defects;

5. An order requiring Sony to immediately cease its wrongful conduct as set forth above;

6. A permanent injunction mandating that Sony repair and/or replace the defective Affected Computers;

7. A declaration that Sony must disgorge, for the benefit of the Class, all or part of its ill-gotten profits received from the sale of the defective Affected Computers, both the original hardware and replacement parts, and/or to make restitution to Plaintiffs and the members of the Class;

8. Attorneys' fees and costs;

9. Statutory pre-judgment interest; and

10. All other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiffs and the Class demand a jury trial in this action for all the claims so triable.

Dated: 4/16, 2007

Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: /s/ Jonathan D. Selbin by hjg
Jonathan D. Selbin

Jonathan D. Selbin (SBN 170222)
H. John Gutierrez (SBN 235406)
LIEFF, CABRASER, HEIMANN & BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3336
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

`Case5:07-cv-02106-RMW    Document1    Filed04/16/07    Page19 of 19`

| | |
|---|---|
| 1 | Paul R. Kiesel (SBN 119854) |
| 2 | Patrick DeBlase (SBN 167138)<br>KIESEL, BOUCHER, & LARSON LLP |
| 3 | 8648 Wilshire Boulevard<br>Beverly Hills, California 90211-2910 |
| 4 | Telephone:  (310) 854-4444<br>Facsimile:   (310) 854-0812 |
| 5 | John L. Malesovas |
| 6 | MALESOVAS & MARTIN, LLP<br>425 Austin Ave., 10th Floor |
| 7 | Waco, TX 76701<br>Telephone:  (254) 753-1777 |
| 8 | Facsimile:   (254) 755-6400 |
| 9 | Anthony L. Vitullo (SBN 244183)<br>FEE, SMITH, SHARP & VITULLO, L.L.P. |
| 10 | Three Galleria Tower<br>13155 Noel Road, Suite 1000 |
| 11 | Dallas, TX  75240-6602<br>Telephone:  (972) 934-9100 |
| 12 | Facsimile:   (972) 934-9200 |
| 13 | Attorneys for Plaintiffs and the proposed Class |