1  LUANNE SACKS (Bar No. 120811)
   luanne.sacks@dlapiper.com
2  EMILY MAXWELL (Bar No. 185646)
   emily.maxwell@dlapiper.com
3  CARTER W. OTT (Bar No. 221660)
   carter.ott@dlapiper.com
4  DLA PIPER US LLP
   153 Townsend Street, Suite 800
5  San Francisco, CA  94107-1957
   Tel:  415.836.2500
6  Fax:  415.836.2501

7  Attorneys for Defendant
   SONY ELECTRONICS INC.
8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

| | |
|---|---|
| 13  IRENE HOEY, LANCE JONES, STEVE GUYSHAN and CHARLES BRANNON, individually and on behalf of all others similarly situated,<br><br>15           Plaintiffs,<br><br>16      v.<br><br>17  SONY ELECTRONICS INC.,<br><br>18           Defendant. | CASE NO.  C07-02106<br><br>**CLASS ACTION**<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT SONY ELECTRONICS INC.'S MOTION TO DISMISS**<br><br>Date:        August 31, 2007<br>Time:        9:00 a.m.<br>Courtroom: 6<br>Judge:       Honorable Ronald M. Whyte |

20
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////
27  /////
28  /////

DLA PIPER US LLP
SAN FRANCISCO

SF\3136797.1
325550-15

REQ. FOR JUD. NOT. IN SUPP. OF DEF. SONY ELECTRONICS INC.'S MOT. TO DISMISS
CASE NO. C07-02106

1   Defendant Sony Electronics Inc. ("Sony") respectfully requests that the Court take judicial
2   notice, pursuant to Rule 201 of the Federal Rules of Evidence, of certain documents cited in its
3   Memorandum of Points and Authorities in Support of Motion to Dismiss.

## I.   REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Sony requests that the Court take judicial notice of the following document, which is attached to the accompanying Declaration of Dean Richmond ("Richmond Declaration").  This document contains the express warranty that Sony provided for the VAIO notebook computers in the GRV and GRZ series.  This document was provided to purchasers of GRV and GRZ series notebook computer at the time of sale, as part of the packaging inserts for such computers.  *See* Section II for the basis upon which the Court may take notice:

1. A form containing the express warranty Sony provided for the GRV and GRZ series VAIO notebook computers, as it appeared in the packaging for these notebook computers as well as on Sony's website.  Richmond Declaration, Exhibit A.

## II.   THE COURT MAY TAKE JUDICIAL NOTICE OF DOCUMENTS REFERENCED IN THE COMPLAINT BUT NOT ATTACHED

Federal Rule of Evidence 201 allows a court to take judicial notice of, *inter alia*, adjudicative facts "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  It is axiomatic that under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281, fn. 16 (11th Cir. 1999).

Documents referenced in, but not physically attached to, a complaint may be considered by a court on a Rule 12(b)(6) motion to dismiss if (i) the complaint refers to such document; (ii) the document is central to the plaintiff's claim; (iii) and no party questions the authenticity of the copy attached to the 12(b)(6) motion.  *Branch*, 14 F.3d at 454; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153, fn. 3 (2nd Cir. 2002).

DLA PIPER US LLP
SAN FRANCISCO

SF\3136797.1
325550-15

-1-
REQ. FOR JUD. NOT. IN SUPP. OF DEF. SONY ELECTRONICS INC.'S MOT. TO DISMISS
CASE NO. C07-02106

Among other representations allegedly made by Sony, Plaintiffs' legal claims are premised on the contents of the express warranty attached to the Richmond Declaration. Throughout their Complaint, Plaintiffs refer to Sony's express warranty regarding the GRV and GRZ series notebook computers and characterize that warranty as containing various factual representations regarding the GRV and GRZ notebooks that Plaintiffs contend are not true. (Complaint, ¶¶ 3, 5, 7, 25, 28, 44(n)). However, Plaintiffs fail to quote the relevant language in Sony's warranty in their Complaint and fail to attach the actual written warranty statements as an exhibit to the pleading. It is only fair that, in ruling on Sony's motion to dismiss, the Court take notice of the actual content of the written warranty statements provided to Plaintiffs and upon which Plaintiffs sue. Sony's warranty statements in fact directly contradict and refute the description of their supposed terms set forth by Plaintiffs in their Complaint.

Dated: June 19, 2007

DLA PIPER US LLP

By /s/ Luanne Sacks
LUANNE SACKS
Attorneys for Defendant
SONY ELECTRONICS INC.

DLA PIPER US LLP
SAN FRANCISCO

SF\3136797.1
325550-15

-2-
REQ. FOR JUD. NOT. IN SUPP. OF DEF. SONY ELECTRONICS INC.'S MOT. TO DISMISS
CASE NO. C07-02106