**E-FILED on** __10/10/07__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRENE HOEY, LANCE JONES, STEVE GUYSHAN and CHARLES BRANNON,<br><br>Plaintiffs,<br><br>v.<br><br>SONY ELECTRONICS INC.,<br><br>Defendant. | No. C-07-02106 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE<br>**[Re Docket No. 8]** |

Defendant Sony Electronics ("Sony") moves to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b). For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

Plaintiffs Irene Hoey, Lance Jones, Steve Guyshan and Charles Brannon have filed a nationwide class action lawsuit against Sony based on an alleged defect in the Sony VAIO GRZ and GRV series notebook computers ("VAIO notebooks"). All plaintiffs claim to have experienced failures of their computers related to the following design defects: "(1) the solder joints of the SODIMM sockets are prone to premature failure as a result of cyclic creep-fatigue of the solder; (2) inadequate compliancy of the SODIMM socket leads; and (3) inadequate cooling structures causing

severe thermal cyclic loading on the solder joints." Compl. ¶ 8. Plaintiffs contend that these defects cause premature failure of the solder joints of the SODIMM sockets and eventually cause the connections between the memory sockets and the mother board and between the power socket and the mother board to fail, leaving the computers unusable. *Id.* at 26. Hoey, a resident of San Benito, California, purchased a new Sony VAIO GRZ660 computer in March 2003. *Id.* ¶ 12. Jones, a resident of Phoenix, Arizona, purchased a new Sony VAIO PCG-GRZ630 computer in March 2003. *Id.* ¶ 13. Guyshan, a resident of Longmeadow, Massachusetts, purchased a new Sony VAIO GRV550 computer in April 2003. *Id.* ¶ 14. Brannon, a resident of Greensboro, North Carolina purchased a new Sony VAIO GRV670 computer in June 2004. *Id.* ¶ 15.

Sony provides a one-year warranty on its VAIO notebooks. Plaintiffs' complaint claims that Sony's failure to disclose the soldering defects in its VAIO notebooks that only manifested after the expiration of the one-year express warranty was (1) fraudulent concealment resulting in (2) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (3) violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200 & 17500; and (4) unjust enrichment. Because the defect of which plaintiffs complain manifested outside the one-year warranty period, plaintiffs' complaint does not assert a breach of contract or breach of warranty claim.

## II. ANALYSIS

Plaintiffs assert four claims in their complaint: (1) violation of the CLRA; (2) fraudulent concealment; (3) violation of California's Unfair Competition Law ("UCL"); and (4) unjust enrichment. Plaintiffs seek to base their CLRA claim on the concealment by Sony of the alleged solder defect in the VAIO notebooks, and their unjust enrichment and UCL claims are based on the CLRA violation and fraudulent concealment claim.

### A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The issue is not whether the

non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The court's review is limited to the face of the complaint, documents referenced in the complaint, and matters of which the court may take judicial notice. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991).  When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996); *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 530 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (the court is not required to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

Federal Rule of Civil Procedure 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *See also In re GlenFed Inc. Securities Litig.*, 42 F.3d 1541 (9th Cir. 1993) (en banc).  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  In addition, Rule 9(b) applies not only to claims in which fraud is an essential element, but also to claims grounded in allegations of fraudulent conduct.  *Id.* at 1103-04 (explaining that where a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, the claim is said to be "grounded in fraud" or to "sound in fraud" and the pleading of that claim as a whole must satisfy Rule 9(b)).

### B.     Request for Judicial Notice

As a preliminary matter, Sony asks the court take judicial notice of the express warranty provided for the VAIO notebooks. Plaintiffs do not appear to contest the authenticity of the warranty, but do not appear to agree that the court may consider the warranty for purposes of the present motion to dismiss.

Federal Rule of Civil Procedure 10(c) provides that written instruments attached to pleadings may be considered part of the pleading. *See* Fed. R. Civ. P. 10(c). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994)). "The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings." *Id.* (internal citations omitted). Here, incorporation by reference of the VAIO notebook warranty is appropriate because the allegations in plaintiffs' complaint are based directly on the express warranty for these VAIO notebooks. Compl. ¶ 7 ("In particular, Sony represented and warranted to Plaintiffs and all Class members that the Affected Computers were free from defects and that they were of merchantable quality and workmanship, as evidenced by Sony's express warranty."). Thus, the court grants Sony's request for judicial notice of the express warranty and will consider the contents of the warranty for purposes of this motion.

### C.     CLRA and Fraudulent Concealment

Based on Sony's failure to disclose the soldering defect in the VAIO computers, plaintiffs allege that Sony has violated the CLRA by (1) representing that goods have uses or characteristics that they do not actually have, Cal. Civ. Code § 1770(a)(5); (2) representing that goods are of a particular standard or quality when they are of another, *id.* § 1770(a)(7); and (3) advertising goods with the intent not to sell them as advertised, *id.* § 1770(a)(9). Sony argues that plaintiffs' allegations are insufficient as a matter of law because there has been no allegation that Sony made a representation sufficient to trigger any of the CLRA prohibitions.

Sony asserts that *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (2006), recently decided by the California Court of Appeal, is fatal to plaintiffs' claims. In *Daugherty*, the Court of Appeal determined that plaintiff's CLRA claim failed because plaintiff failed to set forth any representation by Honda regarding the claimed defect or to identify any other duty to disclose the defect. The court held that "although a claim may be stated under the CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Id.* at 835. Here, Sony argues that plaintiffs failed to identify a representation or duty to disclose sufficient to state a claim for violation of the CLRA or, for that matter, fraudulent concealment.

Plaintiffs assert that Sony has fraudulently concealed the existence of the alleged defect. Under California law, a claim for fraud requires the following elements: (1) misrepresentation such as false representation, concealment or nondisclosure; (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 637 (1996). "Fraud or deceit may consist of the suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact." *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 37 (1975). Here, as discussed further below, it would appear that plaintiffs have neither adequately alleged a misleading representation by Sony nor a duty to otherwise disclose the defect.

Plaintiffs assert that their complaint sufficiently establishes a representation because they have alleged "that Sony made affirmative misrepresentations about the computers and concealed the truth about them." Mot. at 7 (citing Compl. ¶¶ 2-11, 24-35). However, except for one paragraph, these allegations are entirely conclusionary. The most specific allegation is found in paragraph 7 of the complaint, which states: "In particular, Sony represented and warranted to Plaintiffs and all Class members that the Affected Computers were free from defects and that they were of merchantable quality and workmanship, as evidenced by Sony's express warranty." Compl. ¶ 7.

Plaintiffs seek to bootstrap Sony's express warranty into a representation that the VAIO notebooks are defect-free, such that a failure to disclose the alleged soldering defect would

constitute concealment. Reviewing the language of that warranty, the court finds no such representation. The warranty states only that Sony will repair all defects for one year. Decl. of Dean Richmond, Ex. A ("The limited warranty on your VAIO Computer covers parts and labor against defects in material or workmanship for a period of three months from the original date of purchase. [Sony] warrants this computer hardware product [] against defects in material or workmanship as follows . . .").[1] Nothing in the warranty expressly or impliedly warrants that the computer will be defect-free either during the warranty period or thereafter. Therefore, here, as in *Daugherty*, the complaint fails to identify any representation by Sony that the subject computers had any characteristic they do not have or of a standard or quality they are not. *See, e.g., Daugherty*, 144 Cal. App. 4th at 834. Plaintiffs argue that this case is distinguishable from *Daugherty* because, unlike that case, plaintiffs have actually experienced the defects that were concealed. This distinction is of little moment, particularly in light of the nature of the instant action: a purported nationwide class action.[2] The court concludes that as pleaded, plaintiffs' complaint fails to identify a representation by Sony contrary to the alleged concealment.

Plaintiffs advance the theory that Sony had a duty to disclose the defect because plaintiffs would have had the expectation that a notebook computer would operate defect-free for more than one year. Plaintiffs acknowledge that they have not pleaded when the VAIO notebooks failed in the present complaint but state that these allegations could be added and would support that the computers failed before the plaintiffs would have expected. Opp'n at 2 n.1. In support of the argument that the plaintiffs had a reasonable expectation regarding the operation of the VAIO notebooks, plaintiffs cite Cal. Civ. Code § 1793.03(b). Plaintiffs characterize this section as creating a "statutory presumption that electronics costing over $100 have an expected useful life of 7 years." Opp'n at 7. The text of § 1793.03(b) provides that manufacturers of consumer electronics will make functional parts available to their service providers for a period of seven years past the date the

---

[1] Although the warranty states that it is only for a period of three months, the parties agree that the warranty applies for a period of one year.

[2] Plaintiffs define the class as "All individuals and entities in the United States who purchased new a Sony Vaio notebook computer in model series GRV or GRZ." Compl. ¶ 37.

United States District Court
For the Northern District of California

product model or type was manufactured.[3]  Whatever else this section does, it not establish a presumption that consumer electronics costing more than $100 have an expected *defect-free* life of seven years.  Plaintiffs' argument is unavailing.  There is no authority that provides that the mere sale of a consumer electronics product in California can create a duty to disclose any defect that may occur during the useful life of the product.  In fact, the California Supreme court has stated the general public policy that a consumer can be "fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will."  *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965) (stating, however, that the consumer is not charged with the bearing the risk of physical injury when buying a product on the market); *see also Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1270 (2006).  Thus, plaintiffs must allege more than the existence of a warranty and a defect occurring outside the warranty period to survive Sony's motion to dismiss.

       Finally, plaintiffs argue that Sony's invocation of *Daughtery* is an attempt to immunize itself against its own fraud.  They contend that this runs afoul of California's law prohibiting contracts that immunize a party as to their own fraud.  Opp'n at 5 (citing Cal. Civ. Code § 1668).  This argument puts the cart before the horse: as set forth above, plaintiffs have failed to allege any representation by Sony that its products were defect-free or that Sony had a duty to disclose the soldering defect, thus plaintiffs have not sufficiently set forth a claim for fraudulent concealment or for a violation of the CLRA based on such concealment.

       Sony also set forth a procedural challenge to plaintiffs' CLRA claims, arguing that plaintiffs had failed to file a venue affidavit as required by Cal. Civ. Code § 1780(c).  Plaintiffs submitted the affidavit of plaintiff Irene Hoey along with its opposition to the motion to dismiss and Sony presented no further argument on this issue.  Accordingly, it would appear that plaintiffs have complied with the affidavit requirement set forth in § 1780(c).

---

[3] Cal. Civ. Code § 1793.03(b) reads as follows:
> (b) Every manufacturer making an express warranty with respect to an electronic or appliance product described in subdivision (h), (i), (j), or (k) of Section 9801 of the Business and Professions Code, with a wholesale price to the retailer of one hundred dollars ($100) or more, shall make available to service and repair facilities sufficient service literature and functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the seven-year period exceeds the warranty period for the product

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE—No. C-07-02106 RMW MAG  
7

### D.  UCL and Unjust Enrichment

The UCL prohibits acts or practices which are fraudulent, unlawful or unfair.  Plaintiffs base their UCL claims on Sony's alleged fraudulent concealment and violation of the CLRA.  As set forth above, these claims are not adequately pleaded as set forth in the complaint.  Likewise, without the other claims, plaintiffs' claim for unjust enrichment fails, as well.

### E.  Rule 9(b)

Because the court does not find that the plaintiffs have adequately stated a claim for fraudulent concealment, it need not reach Sony's motion to dismiss on the ground that the pleadings do not satisfy the particularity requirements of Fed. R. Civ. P. 9(b).  However, plaintiffs should note that the court is not satisfied that the allegations sufficiently allege fraudulent conduct.  For example, the allegations in paragraph ¶ 9 stating, *inter alia*, that "Sony concealed from and/or failed to disclose . . . the true defective nature of the Affected Computers" and that it "sold and serviced the Affected Computers even though it knew, or was reckless in not knowing, that the Affected Computers were defectively designed, would prematurely fail and would ultimately result in [the] inability to use the[] Affected Computers for their intended use" are so general that the same statement could be made of regarding any design defect in any product.  The same is true of plaintiff's allegations in ¶ 81, which assert generically that Sony was in a superior position to know the facts about the defects, that it made "partial disclosures about the quality of the Affected Computers while not revealing their true defective nature" and that it "fraudulently and actively concealed the defective nature of the Affected Computers."   Plaintiffs should also note that Rule 9(b) applies not only to claims in which fraud is an essential element, but also to claims grounded in allegations of fraudulent conduct.  *See Vess*, 317 F.3d at 1103-04.

## III.  ORDER

For the foregoing reasons, the court grants Sony's motion and dismisses plaintiffs' complaint without prejudice.  Plaintiffs shall have 20 days from the date of this order to amend their complaint.

DATED:     10/10/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Henry John Gutierrez     hjgutierrez@lchb.com
Jonathan David Selbin     jselbin@lchb.com

**Counsel for Defendants:**

Carter Winford Ott     carter.ott@dlapiper.com
Luanne R. Sacks     luanne.sacks@dlapiper.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    10/10/07                    /s/ MAG
                                                              **Chambers of Judge Whyte**