**E-FILED on**   7/2/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRENE HOEY, LANCE JONES, STEVE GUYSHAN and CHARLES BRANNON, <br><br>Plaintiffs, <br><br>v. <br><br>SONY ELECTRONICS INC., <br><br>Defendant. | No. C-07-02106 RMW <br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS <br><br>**[Re Docket No. 37]** |

    In October 2007, the court dismissed plaintiffs' complaint with leave to amend. Defendant Sony Electronics ("Sony") now moves to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b). The court has considered the briefing and counsel's argument at the hearing on this matter as well as the parties' subsequent statements of recent decision.[1] For the reasons set forth below, the court grants Sony's motion to dismiss.

---

[1] The court hereby grants any outstanding motions for leave to file statements of recent decision and overrules objections to those submissions. The court reminds the parties, however, that statements of recent decision are not to filed after the hearing without approval. Further, such submissions are to contain a citation to and copy of the decision – without argument. N.D. Cal. Civ. L.R. 7-3(d).

# I. BACKGROUND

Plaintiffs Irene Hoey, Lance Jones, Steve Guyshan and Charles Brannon have filed a purported nationwide class action lawsuit against Sony based on alleged defects in the Sony VAIO GRZ and GRV series notebook computers ("VAIO notebooks"). All plaintiffs claim to have experienced failures of their computers related to the following design defects: "(1) the solder joints of the SODIMM sockets are prone to premature failure as a result of cyclic creep-fatigue of the solder; (2) inadequate compliancy of the SODIMM socket leads; and (3) inadequate cooling structures causing severe thermal cyclic loading on the solder joints." Am. Compl. ¶ 6. Plaintiffs contend that these defects cause premature failure of the solder joints of the SODIMM sockets and eventually cause the connections between the memory sockets and the mother board and between the power socket and the mother board to fail, leaving the computers unusable. *Id.* ¶¶ 36-38. Hoey, a resident of San Benito, California, purchased a new Sony VAIO GRZ660 computer in March 2003. *Id.* ¶ 11. Jones, a resident of Phoenix, Arizona, purchased a new Sony VAIO PCG-GRZ630 computer in March 2003. *Id.* ¶ 12. Guyshan, a resident of Longmeadow, Massachusetts, purchased a new Sony VAIO GRV550 computer in April 2003. *Id.* ¶ 13. Brannon, a resident of Greensboro, North Carolina purchased a new Sony VAIO GRV670 computer in June 2004. *Id.* ¶ 14.

Sony provides a one-year warranty on its VAIO notebooks. Plaintiffs' complaint claims that Sony's failure to disclose the soldering defects in its VAIO notebooks that only manifested after the expiration of the one-year express warranty was (1) a violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*.; (2) a violation of the California Unfair Business Practices Act ("UCL"), Cal. Bus. & Prof. Code §§ 17200 & 17500; (3) fraudulent concealment; and (4) unjust enrichment. Because the defects of which plaintiffs complain manifested outside the one-year warranty period, plaintiffs' complaint does not assert a breach of contract or breach of warranty claim.

As set forth briefly above, this court previously granted defendant's motion to dismiss, giving plaintiffs leave to amend. Order Granting Mot. to Dismiss, October 10, 2007, Docket No. 33. The court dismissed the CLRA and fraudulent concealment claims for failure to allege either fraudulent misrepresentations or fraudulent omissions coupled with a duty to disclose. *Id*. The court dismissed

1  plaintiffs' UCL and unjust enrichment claims since they were based on plaintiffs' dismissed CLRA
2  claim. *Id*. In addition, the court found that plaintiffs' fraud allegations were insufficient under the
3  pleading standards of Rule 9(b). *Id*. Plaintiffs have amended their complaint. Plaintiffs' CLRA
4  claim is now predicated on defendant's alleged fraudulent failure to disclose the alleged defects to
5  consumers. Plaintiffs purport to have supplemented their claims to add facts alleging fraud with
6  particularity.

## II. ANALYSIS

As set forth above, plaintiffs assert four claims in their complaint: (1) violations of the CLRA; (2) violations of California's Unfair Competition Law ("UCL"); (3) fraudulent concealment; and (4) unjust enrichment. Plaintiffs base their CLRA claim of concealment on the failure to disclose the alleged solder defect in the VAIO notebooks. Plaintiffs' unjust enrichment and UCL claims are based on the CLRA violation and fraudulent concealment claims as well as Sony's alleged active concealment of the defect.

### A.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The issue is not whether the non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The court's review is limited to the face of the complaint, documents referenced in the complaint, and matters of which the court may take judicial notice. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996); *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

1  the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 530 U.S. ___, 127 S.
2  Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Clegg v. Cult Awareness Network*, 18
3  F.3d 752, 754-55 (9th Cir. 1994) (the court is not required to accept conclusory legal allegations
4  "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the
5  facts alleged.").

6  Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting
7  fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of
8  mind of a person may be averred generally." *See also In re GlenFed Inc. Securities Litig.*, 42 F.3d
9  1541 (9th Cir. 1993) (en banc). "Averments of fraud must be accompanied by the who, what, when,
10 where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106
11 (9th Cir. 2003). In addition, Rule 9(b) applies not only to claims in which fraud is an essential
12 element, but also to claims grounded in allegations of fraudulent conduct. *Id.* at 1103-04 (explaining
13 that where a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course
14 of conduct as the basis of a claim, the claim is said to be "grounded in fraud" or to "sound in fraud"
15 and the pleading of that claim as a whole must satisfy Rule 9(b)).

16 **B.    Plaintiffs' CLRA Claim**

17 Plaintiffs' first claim is for violations of the CLRA under (1) § 1770(a)(5)'s proscription
18 against representing that goods have uses or characteristics they do not actually have; (2) the
19 prohibition in § 1770(a)(7) against representing that goods are of a particular standard or quality
20 when they are of another; and (3) § 1770(a)(9)'s proscription against advertising goods with the
21 intent not to sell them as advertised. A claim may be stated under the CLRA in terms constituting
22 fraudulent omissions, but to be actionable the omission must be "contrary to a representation
23 actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."
24 *Daugherty et al. v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006). In the amended
25 complaint, plaintiffs do not allege any affirmative misrepresentations by Sony, only that Sony had a
26 duty to disclose the soldering defect but did not, and instead actively concealed it. *See* Opp'n at 2, 4.

### 1. Duty to Disclose

The parties dispute whether Sony had a duty to disclose the alleged soldering defect to consumers. Plaintiffs allege that Sony had a duty to disclose the defect for the following reasons: (1) plaintiffs expected their computers to last longer than the one year warranty provided by Sony; (2) Sony had exclusive knowledge of the alleged defect; (3) the defect was material to their decision to purchase the notebook; and (4) Sony actively concealed the defect. Defendant contends that in the absence of an allegation that it made an affirmative misrepresentation, it had no duty to disclose because the alleged defect did not present a safety hazard.

The established law in California is that there is a duty to disclose in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; or (4) when the defendant makes partial representations but also suppresses some material fact. *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088 (N.D. Cal. 2007) (Alsup, J.) (citing *Limandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)). Plaintiffs allege that defendant had a duty to disclose based on the second and third *Judkins* factors. Both factors require the existence of a material fact.[2]

In order for a non-disclosed fact to be material, a plaintiff must show that "had the omitted fact been disclosed, one would have been aware of it and behaved differently." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993). Materiality, for CLRA claims, is judged by the effect on

---

[2] Following the hearing on the motion to dismiss the amended complaint, plaintiffs submitted a statement of recent decision attaching *Bullock v. Philip Morris USA, Inc.*, 159 Cal. App. 4th 655, 675 (2008), decided January 30, 2008. They contend that this case supports two propositions: 1) that a plaintiff can have a fraud claim in the absence of seeing a specific representation; and 2) that a duty to disclose arises from a manufacturer's knowledge of material facts about its product which are neither known nor readily accessible to the consumer. The Court of Appeal's discussion does not inform the decisions before this court. First, the *Bullock* court's discussion of the fraud claim is limited to whether plaintiff could have relied upon misrepresentations by the defendant tobacco company that were indirectly conveyed to the plaintiff. This is not at issue in this case, as no affirmative misrepresentations have been alleged. The *Bullock* court's discussion of the duty to disclose arises in the context of whether the trial court refused to give a jury instruction, BAJI No. 12.36, which states in pertinent part, "A duty to disclose known facts arises where one party knows of material facts and also knows that such facts are neither known nor readily accessible to the other party." Even assuming that the *Bullock* court's discussion had some bearing on the issues in this motion, this instruction is by no means inconsistent with this court's discussion of the duty to disclose.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—C-07-02106 RMW
EI                                                                 5

a reasonable consumer. *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003). Under the reasonable consumer standard, a plaintiff must "show that members of the public are likely to be deceived." *Williams v. Gerber*, 523 F.3d 924 (9th Cir. 2008).[3]

Defendant, relying on two California cases, *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (2006), and *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255 (2006), contends it had no duty to disclose. In both of these cases, the plaintiffs alleged that the defendants had exclusive knowledge of a product defect that they failed to disclose. Both of these cases were dismissed by the court for failure to state a claim. *Id*. The court in *Daugherty* expressly pointed out that the product defect had not been alleged to have created a safety hazard. *Daugherty*, 144 Cal. App. 4th at 836 ("[t]he complaint is devoid of factual allegations showing any instance of physical injury or safety concerns posed by the defect"). However, both *Bardin* and *Daugherty* stated that fraudulent omissions are actionable under the CLRA provided there is a duty to disclose. *Daugherty*, 144 Cal. App. 4th at 834, *Bardin*, 136 Cal. App. 4th at 1276. The cases were dismissed by the court because the plaintiffs failed to allege that the defendants had a duty to disclose. *Id*. Here, by contrast, plaintiffs have attempted to allege that there was a duty for the defendant to disclose the alleged defect. The court must determine whether such a duty arose under the facts alleged.

Defendant argues that manufacturers only have a duty to disclose product defects that result in potential safety hazards. The court notes that, despite defendant's contentions to the contrary, in both *Daugherty* and *Bardin* the court did not hold that there was no duty to disclose because the product defect was not alleged to be a safety hazard, but merely found that there had been no allegations of a duty to disclose. *Daugherty*, 144 Cal. App. 4th at 834, *Bardin*, 136 Cal. App. 4th at 1276. In assessing the duty to disclose, the *Daugherty* court did specifically point out that the

---

[3] Following the hearing, plaintiffs submitted *Williams* in support of their opposition to the motion. Williams involved claims under the CLRA, UCL and FAL against Gerber that Gerber's "Fruit Juice Snacks" were deceptively marketed based upon statements on the packaging, *inter alia*, that the snacks were made with real fruit juice. The court concludes that *Williams*, in which the Ninth Circuit reversed the district court's grant of Gerber's motion to dismiss the CLRA, UCL and FAL claims, is distinguishable from the present case. In *Williams*, Gerber had made concrete, affirmative representations on the packaging. Here, by contrast, plaintiffs base their claims on the provision of a warranty and assertions about what a reasonable consumer would expect regarding the performance of a computer past the expiration of the warranty period.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—C-07-02106 RMW
EI                                                                 6

product defect was not alleged to be a safety concern. *Daugherty*, 144 Cal. App. 4th at 836. Similarly, the court in *Falk v. General Motors Corp* found it significant to materiality that a defective speedometer could lead to traveling at unsafe speeds. 496 F. Supp. 2d at 1096.

Although *Falk* and *Daugherty* cited safety concerns for determining materiality of the defect, safety concerns are not the only reason a defect may be considered material. For example, in *Stickrath v. Globalstar, Inc.* the court found that a failure to disclose information about defects in its satellite telephone service would have been material had the plaintiffs alleged that they would have behaved differently if the information had been disclosed. 2007 U.S. Dist. LEXIS 73763 at *15 (N.D. Cal. 2007) (Henderson, J). Although the court ultimately dismissed the claim, it seems clear that safety concerns were not the sole reason a defect in the satellite telephone service would have been material. The court concludes that while a product defect that results in a safety hazard is one way a duty to disclose might arise, defendant's duty to disclose is not necessarily limited to product defects that result in safety hazards.

Accordingly, plaintiffs do not have to allege a product defect arising to the level of creating a safety hazard to establish a material defect. Plaintiffs must, however, allege more than a simple failure for the product to meet their economic expectations. Defendant contends that where a failure is alleged to occur outside the warranty period, as a matter of law a reasonable consumer could not expect more. Thus, according to defendant, the defect is not material. The *Daugherty* court held that, in the absence of consumers having reasonable expectations about the product, a reasonable consumer could only have expected the product to function properly for the length of the warranty. *Daugherty*, 144 Cal. App. 4th at 838. Similarly, the court in *Long v. Hewlett Packard* recently held as a matter of law that "a consumer's only reasonable expectation was that the [computers] would function properly for the duration of the manufacturer's limited one year warranty." 2007 WL 2994812 *8 (N.D. Cal. Jul. 27, 2007) (Ware, J.). Likewise, the court in *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008) (Patel, J.), held that a computer buyer had no claim under the CLRA or California's unfair competition law where the seller failed to disclose that there was a defect in the heating system that might shorten the life of a computer that had otherwise functioned as warranted through the express warranty period. Defendant cites *Seely v. White Motor*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—C-07-02106 RMW
EI                                                              7

*Co.*, in which the California Supreme Court stated that "a consumer can fairly be charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will." 63 Cal. 2d 9, 18 (1965).  Finally, in *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238 (2d Cir. 1986), the Second Circuit stated:

> Virtually all product failures discovered in products after expiration of the warranty can be attributed to a "latent defect" that existed at the time of sale or during the term of the warranty.  All parts will wear out sooner or later and thus have a limited effective life.  Manufacturers always have knowledge regarding the effective life of particular parts and the likelihood of their failing within a particular period of time. . . A rule that would make failure of a party actionable based on such knowledge would render meaningless time/mileage limitations on warranty coverage.

*Id.* at 250.

Here, plaintiffs have alleged that the GRZ and GRV computers have a common and uniform defect in the solder joints of the SODIMM sockets that makes the computers prone to premature failure.  Am. Compl. ¶ 30.  The defect allegedly manifests as unexpected computer shutdowns, failure for the computer to boot, the computer being unable to access its memory, and eventual total system failure.  *Id*.  This is not a situation where a product defect creates a safety hazard.  Instead, this is a case where the alleged defect manifests outside of the express warranty period.

The court finds that the facts alleged here are not sufficiently material to give rise to a duty to disclose.  The computers at issue had an express warranty, and there was no contrary or additional representation by the defendant about the life span of the product.  Plaintiffs' alleged that they expected their computers to last longer than they did, but plaintiffs' individual beliefs as to the time period varied and did not establish a reasonable basis for their subjective beliefs.  *Id*. ¶¶ 11-14.  Also, materiality is judged by reference to a "reasonable consumer" and not with reference to the particular plaintiffs in question.  Both the *Daugherty* court and the *Bardin* court held that there was no duty to disclose alleged product defects where the defects manifested outside the express warranty period and did not constitute a safety hazard, as the defect at issue in the instant action. *Daugherty*, 144 Cal. App. 4th at 834; *Bardin*, 136 Cal. App. 4th at 1276.  There are no facts alleged to establish that this is anything other than a failure for the product to meet plaintiffs' subjective expectations.  Under *Seely* plaintiffs are charged with the risk that the computers would not match

their subjective expectations.[4] Based on the facts as alleged, the court concludes that there was no duty to disclose the alleged defects.

### 3. Conclusion With Respect to The CLRA Claim

On May 5, 2008, plaintiffs filed a minute order in a case proceeding in the Superior Court of California, County of San Diego, *Hapner v. Sony Electronics*, Case No. GIC939244. In that minute order, the court concluded that Sony had failed to rebut plaintiff's evidence that Sony had concealed facts that rendered Sony's representations in "advertising and internal promotional materials" that the product was of high quality and would not overheat untrue in light of the CLRA's proscription against "representing that goods . . . are of a particular standard . . . if they are of another." *Id.* The Superior Court appears to have based its decision, at least in part, on an alleged representation that the computer "would not overheat." To the extent *Hapner* can be read to say that Sony had a duty to disclose absent an affirmative representation, it appears inconsistent with the reasoning in *Bardin*, *Daugherty*, *Long*, *Oestreicher* and *Seeley*.

For the above reasons, the court finds that plaintiffs' claims fail to alleged that the defendant had a duty to disclose the alleged defect. Since the court finds that the facts do not establish a duty for the defendant to disclose the alleged defect, the court does not need to consider whether the allegations are pled with particularity under Rule 9(b). Accordingly, the court grants defendant's motion to dismiss plaintiffs' CLRA claim.

### C. Plaintiffs' Claim of Violation of California Bus. & Prof. Code §§ 17200, 17500

Plaintiffs' second claim for relief is for violations of California Business and Professional Code ("UCL") §§ 17200 and 17500. Plaintiffs allege that defendant committed an unlawful business act under § 17200 by violating the CLRA, and an unfair and fraudulent business act under § 17200 by concealing and failing to disclose the defect to consumers. Plaintiffs allege that defendant

---

[4] After the hearing, plaintiffs submitted an order in the *Stickrath v. Globalstar* action that was issued with regard to Globalstar's motion to dismiss the first amended complaint in that case (as set forth above, the court had previously dismissed plaintiff's claims). In this subsequent order, Judge Henderson concluded that plaintiffs had sufficiently alleged active concealment "– although just barely." *Id.*, 2008 U.S. Dist. LEXIS 12190 at *10 (N.D. Cal. 2008) (Henderson, J.). The court finds this case factually distinguishable since *Stickrath* dealt with a service, specifically satellite phone services, while this action deals with manufactured products. *See Oestreicher*, 544 F. Supp. 2d at 971.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—C-07-02106 RMW
EI                                                                                                    9

disseminated unfair, deceptive, untrue and/or misleading advertising in violation of §§ 17200, 17500 *et seq*. "The UCL prohibits acts or practices which are fraudulent, unlawful or unfair." California has a three-part test for determining whether or not conduct is unfair within the meaning of UCL: "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Camacho v. Automobile Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403, 1405 (2006).

Because the court dismisses plaintiffs' CLRA claim, the court also dismisses the UCL claim to the extent it is based on the violation of the CLRA. The court thus turns to plaintiffs' claim that defendant has committed an unfair business act.

Defendant contends that plaintiffs' claim that it has committed an unfair business act fails because the consumer injury is not substantial and that the claim is precluded by the holdings in *Bardin* and *Daugherty*. In *Daugherty* the court held that the injury to consumers from the defendant failing to disclose a defect was not substantial, stating that "a failure to disclose a defect that might, or might not, shorten the effective life span of an automobile part that functions as warranted throughout the period of its express warranty cannot be characterized as substantial." *Daugherty*, 144 Cal. App. 4th at 838. The *Bardin* court found that the injury to consumers from defendant's failure to disclose a that a manifold was made from less durable materials that the industry standard was not substantial, stating that the use of less durable materials did not violate public policy, was not contrary to any express representations by the defendant, did not cause personal injury or safety concerns, and did not violate any warranty. *Bardin*, 136 Cal. App. 4th at 1265.

Plaintiffs point out that small consumer claims which are worth limited amounts of money regularly form the basis of § 17200 claims.[5] Opp'n at 18. Here, as set forth above, plaintiffs have alleged that the defect makes it "substantially likely" that the computer will fail within its useful life. Am. Compl. ¶ 39. When the computer fails plaintiffs are allegedly obliged to repair the computer at significant expense to themselves. Am. Compl. ¶ 63.

---

[5] Plaintiffs cite *Anunziato v. eMachines, Inc.*, 402 F.Supp. 2d 1133, 139 (C.D. Cal. 2005), where the court held that a plaintiff had an actionable claim due to purchasing a defective computer. The court in *Anunziato* was not deciding whether or not the injury was substantial, but just assumed it was.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—C-07-02106 RMW
EI                                                                10

The court finds that there is no substantial injury to consumers within the UCL. Like the products at issue in *Daugherty*, here the notebooks functioned as warranted throughout the period of the express warranty. A failure to disclose a defect that might or might not shorten the life span of a notebook that functions as warranted throughout the period of its express warranty is not a substantial injury under the UCL. Also, as in *Bardin*, the failure to disclose the alleged defect did not violate any public policy, was not contrary to any express representations by the defendant, did not cause personal injury or safety concerns, and did not violate any warranty. Accordingly, the court finds that no substantial injury has been alleged and grants defendant's motion to dismiss plaintiffs' UCL claims.

### D. Plaintiff's Claim of Fraudulent Concealment

Plaintiffs third claim for relief is fraudulent concealment. As detailed above, plaintiffs fail to establish that defendant had a duty to disclose the defect to consumers. As such, the plaintiffs fail to establish fraudulent concealment. Defendant's motion to dismiss plaintiffs' claim of fraudulent concealment is granted.

### E. Plaintiffs' Claim of Unjust Enrichment

California courts are split on whether unjust enrichment can exist as a separate claim. *Compare Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) (quoting *Lauriedale Assocs. Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) ("The phrase 'unjust enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.")) *with Ghirardo v. Antonioli*, 14 Cal. 4th 39, 50 (1996) (holding that a plaintiff may state a claim for unjust enrichment where his claim seeks restitution and other remedies are inadequate). Assuming that a claim for unjust enrichment can be asserted as a separate cause of action in California, the facts alleged here do not establish a claim for unjust enrichment. As set forth above, the allegations do not establish that the defendant had a duty to disclose the alleged defect to consumers and also do not set forth a substantial injury to consumers. Since the allegations do not support actionable conduct on the part of the defendant, the defendant has not been unjustly enriched. Accordingly, the court grants defendant's motion to dismiss the claim of unjust enrichment.

### III.  ORDER

For the foregoing reasons, the court grants Sony's motion to dismiss the complaint.  Since no actionable conduct has been alleged, the court does not reach plaintiffs' class allegations.  Further, since plaintiffs have indicated no additional factual allegations they could assert and since they have also conceded they are not asserting any claim based upon any affirmative misrepresentations by Sony, granting leave to amend seems futile.  Therefore, the amended complaint is dismissed with prejudice.

DATED:     7/2/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Henry John Gutierrez        hjgutierrez@lchb.com
Jonathan David Selbin      jselbin@lchb.com

**Counsel for Defendants:**

Carter Winford Ott         carter.ott@dlapiper.com
Luanne R. Sacks          luanne.sacks@dlapiper.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    7/2/08                    /s/ MAG
                                                  **Chambers of Judge Whyte**